2025R00427/MHS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III, U.S.M.J. |
| v. | : | Magistrate No. 25-12107 |
| MATTHEW OZOL, | : | **CRIMINAL COMPLAINT** |

I, Special Agent Nicole Laskowski, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached pages and made a part hereof.

_s/ Nicole Laskowski_
Special Agent Nicole Laskowski
Department of Homeland Security
Homeland Security Investigations

Special Agent Laskowski attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on August _5_, 2025.

Honorable James B. Clark, III
United States Magistrate Judge

## ATTACHMENT A

(Possession of Child Pornography)

Between in and around November 2024 and August 2025, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**MATTHEW OZOL**,

did knowingly possess and access with intent to view material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), depicting prepubescent minors who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## ATTACHMENT B

I, Nicole Laskowski, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Complaint, defendant Matthew Ozol ("OZOL") was a resident of Jersey City, New Jersey.

2. Through the course of an investigation, law enforcement reviewed messages sent via a messaging application (the "Application") from an account (the "Account") associated with an IP address registered in OZOL's name at OZOL's residence. The IP address was associated with an e-mail address that included a derivation of OZOL's name and birth year ("OZOL's E-mail Account").

3. In and around November 2024, the Account participated in a chat group named "Baby Rapist," and sent multiple communications referencing, among other things, a desire to rape babies and exchange child pornography. The Account also distributed a video containing a compilation of depictions of child pornography.

4. On or about August 5, 2025, law enforcement executed a lawfully obtained search warrant at OZOL's residence and seized electronic devices and electronic storage materials belonging to OZOL.

5. Law enforcement recovered a cell phone ("OZOL's Phone") from near OZOL's person, which contained at least 26 images and/or videos of child pornography depicting infants or toddlers, including an image and/or video of a gagged infant being penetrated by an adult. OZOL's Phone is associated with Ozol's E-mail Account, and appears to contain photos of OZOL.

6. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the child pornography files described in above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the images were downloaded from and

transmitted via the Internet.